**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>      Plaintiff,<br><br> vs.<br><br>TCL INDUSTRIES HOLDINGS CO., LTD., TCL TECHNOLOGY GROUP CORPORATION, TCL ELECTRONICS HOLDINGS LIMITED, MANUFACTURAS AVANZADAS, S.A. DE C.V., SHENZHEN TCL NEW TECHNOLOGY CO., LTD., T.C.L. INDUSTRIES HOLDINGS (H.K.) LIMITED, TCL KING ELECTRICAL APPLIANCES (HUIZOU) COMPANY LIMITED, TCL OPTOELECTRONICS TECHNOLOGY (HUIZOU) CO. LTD., TCL OVERSEAS MARKETING LIMITED, TCL SMART DEVICE (VIETNAM) COMPANY LIMITED, TTE CORPORATION, and TTE TECHNOLOGY, INC. (D/B/A TCL NORTH AMERICA),<br><br>      Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

  Plaintiff Cerence Operating Company ("Cerence" or "Plaintiff") brings this action against

Defendants TCL Industries Holdings Co., Ltd., TCL Technology Group Corporation, TCL

Electronics Holdings Limited, Manufacturas Avanzadas, S.A. de C.V., Shenzhen TCL New

Technology Co., Ltd., T.C.L. Industries Holdings (H.K.) Limited, TCL King Electrical

Appliances (Huizhou) Company Limited, TCL Optoelectronics Technology (Huizhou) Company

Limited, TCL Overseas Marketing Limited, TCL Smart Device (Vietnam) Company Limited,

-2-

TTE Corporation, and TTE Technology Inc. (d/b/a TCL North America) (collectively, "TCL" or "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendants' unauthorized and ongoing actions of making, having made, using, selling, having sold, offering to sell, importing, and/or having imported into the United States products that infringe or enable the infringement of one or more claims of United States Patent No. 7,840,579 (the "579 Patent"), United States Patent No. 7,894,598 (the "598 Patent"), United States Patent No. 8,819,810 (the "810 Patent"), United States Patent No. 9,171,541 (the "541 Patent"), and United States Patent No. 11,929,073 (the "073 Patent") including, without limitation, televisions with smart features and functionality (the "Accused Products").

## I.    THE PARTIES

2. Plaintiff Cerence is a wholly owned subsidiary of Cerence Inc., which is a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 25 Mall Road, Suite 416, Burlington, Massachusetts.

3. On information and belief, Defendant TCL Industries Holdings Co., Ltd. ("TCL Industries") is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at 22nd Floor, TCL Technical Tower, Huifeng Third Road, Zhongkai Development Zone, Huizhou, Guangdong, China 516006.  On information and belief, TCL Industries is the ultimate parent of and/or controls the other TCL Defendants and is responsible for the infringing activities identified in this Complaint.  TCL Industries may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

4. On information and belief, Defendant TCL Technology Group Corporation is a corporation organized and existing under the laws of China with a principal place of business located at TCL Technology Building, No. 17, Huifeng Third Road, Zhongkai High-Tech Development Zone, Huizhou, Guangdong, P.R. China 516001. On information and belief, TCL Technology Group Corporation is a subsidiary of and/or controlled by TCL Industries. On information and belief, TCL Technology Group Corporation is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products. TCL Technology Group Corporation may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

5. On information and belief, Defendant TCL Electronics Holdings Limited is a limited liability company organized and existing under the laws of the Cayman Islands with a principal place of business at 5th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong. On information and belief, TCL Electronics Holdings Limited is a subsidiary of and/or controlled by TCL Industries. On information and belief, TCL Electronics Holdings Limited is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products. TCL Electronics Holdings Limited may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

6. On information and belief, Defendant Manufacturas Avanzadas, S.A. de C.V. is a corporation organized and existing under the laws of Mexico with a principal place of business at Blvd. Independencia No. 2151, Ciudad Juarez, Chihuahua, 32580, Mexico. On information and belief, Manufacturas Avanzadas S.A. de C.V. is a subsidiary of and/or controlled by TCL Industries. On information and belief, Manufacturas Avanzadas S.A. de C.V. is involved with

designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products.  Manufacturas Avanzadas, S.A. de C.V. may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

7. On information and belief, Defendant Shenzhen TCL New Technology Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at 9th Floor, TCL Electronics Holdings Limited Building, TCL International E City, No. 1001, Zhongshan Park Road, Nanshan District, Shenzhen, Guangdong, China.  On information and belief, Shenzhen TCL New Technology Co., Ltd. is a subsidiary of and/or controlled by TCL Industries.  On information and belief, Shenzhen TCL New Technology Co., Ltd. is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products.  TCL New Technology Co., Ltd. may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

8. On information and belief, Defendant T.C.L. Industries Holdings (H.K.) Limited is a limited liability company organized and existing under the laws of Hong Kong with a principal place of business at 8th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong.  On information and belief, T.C.L. Industries Holdings (H.K.) Limited is a subsidiary of and/or controlled by TCL Industries.  On information and belief, T.C.L. Industries Holdings (H.K.) Limited is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products.  T.C.L. Industries Holdings (H.K.) Limited may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

9. On information and belief, Defendant TCL King Electrical Appliances (Huizhou) Company Limited is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at No. 78, Huifeng 4 Road, Zhongkai Development Zone Huizhou, 516006 P.R. China. On information and belief, TCL King Electrical Appliances (Huizhou) Company Limited is a subsidiary of and/or controlled by TCL Industries. On information and belief, TCL King Electrical Appliances (Huizhou) Company Limited is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products. TCL King Electrical Appliances (Huizhou) Company Limited may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

10. On information and belief, Defendant TCL Optoelectronics Technology (Huizhou) Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at No. 78 Huifeng Si Rd, Zhongkai High-New Development Zone, Huizhou, Guangdong, 516006, China. On information and belief, TCL Optoelectronics Technology (Huizhou) Co., Ltd. is a subsidiary of and/or controlled by TCL Industries. On information and belief, TCL Optoelectronics Technology (Huizhou) Co., Ltd. is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products. TCL Optoelectronics Technology (Huizhou) Co., Ltd. may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

11. On information and belief, Defendant TCL Overseas Marketing Limited is a corporation organized and existing under the laws of the British Virgin Islands with a principal place of business at 5th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science

Park, Shatin, New Territories, Hong Kong.  On information and belief, TCL Overseas Marketing Limited is a subsidiary of and/or controlled by TCL Industries.  On information and belief, TCL Overseas Marketing Limited is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products.  TCL Overseas Marketing Limited may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

12. On information and belief, Defendant TCL Smart Device (Vietnam) Company Limited is a corporation organized and existing under the laws of Vietnam with a principal place of business at No. 26 VSIP II-A, Street 32, Vietnam Singapore Industrial Park II-A, Tan Binh Commune, Bac Tan Uyen District, Binh Duong Province, 75000, Vietnam.  On information and belief, TCL Smart Device (Vietnam) Company Limited is a subsidiary of and/or controlled by TCL Industries.  On information and belief, TCL Smart Device (Vietnam) Company Limited is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products.  TCL Smart Device (Vietnam) Company Limited may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

13. On information and belief, Defendant TTE Corporation is a corporation organized and existing under the laws of the British Virgin Islands with a principal place of business at 7th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong.  On information and belief, TTE Corporation is a subsidiary of and/or controlled by TCL Industries.  On information and belief, TTE Corporation is involved with designing, developing, making, having made, selling, having sold, offering to sell, importing,

and/or having imported into the United States the Accused Products.  TTE Corporation may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

14. On information and belief, Defendant TTE Technology, Inc. (d/b/a TCL North America) is a corporation organized and existing under the laws of Delaware with a principal place of business at 1860 Compton Avenue, Corona, California 92881.  On information and belief, TTE Technology, Inc. is a subsidiary of and/or controlled by TCL Industries.  On information and belief, TTE Technology, Inc. is involved with the selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products.

15. On information and belief, TCL, including by or through its affiliates and corporate relatives, is in the business of developing, making, offering for sale, selling, importing, distributing, and/or supporting TCL Accused Products that are manufactured outside of the United States.

16. On information and belief, the Accused Products are manufactured, assembled, and/or tested abroad prior to importation into the United States.  TCL has sold, imported, and distributed, and continues to sell, import, and distribute the Accused Products into the United States.

17. Each of the TCL Defendants itself and/or through the activities of its affiliates and corporate relatives is in the business of designing, manufacturing, importing into the United States, selling for importation into the United States, and/or selling within the United States after importation the TCL Accused Products, which are manufactured outside of the United States.

18. TCL offers and sells its products and services, including the Accused Products, to customers and potential customers located in the Eastern District of Texas.

## II.   JURISDICTION AND VENUE

19. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.

20. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity among the parties exists, and the amount in controversy exceeds $75,000.

21. Defendants are subject to this Court's jurisdiction pursuant to due process and the Texas Long Arm Statute due at least to their substantial business in this State and District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

22. This Court has personal jurisdiction over Defendants because they have, directly and/or through agents and/or intermediaries, committed acts and continue to commit acts of patent infringement, including within Texas, giving rise to this action and have established minimum contacts with Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants, directly and/or indirectly at least through agents and intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, selling, offering to sell, and importing the Accused Products.

23. On information and belief, Defendants regularly conduct business in Texas, including in this District, and purposefully avail themselves of the privileges of conducting business in Texas and this District. In particular, on information and belief, Defendants, and/or their agents and/or intermediaries, make, use, import, offer for sale, sell, and/or advertise their products and affiliated services in Texas and this District, including but not limited to the Accused Products, sufficient to give rise to jurisdiction.

24. On information and belief, Defendants have placed and continue to place Accused Products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the United States, including in Texas and specifically including in this District.

25. On information and belief, Defendants derive substantial revenue from the sale of Accused Products distributed within Texas, including within this District, and/or expect or should reasonably expect their actions to have consequences in Texas.  In addition, on information and belief, Defendants knowingly induce, and continue to knowingly induce, infringement of the Asserted Patents within Texas and within this District by offering for sale, selling, and/or contracting with others to market Accused Products with the intent to facilitate infringing use of the products by others and by creating and/or disseminating product information and other materials providing instruction for infringing use.

26. Defendants' infringing activity has led to foreseeable harm and injury to Cerence.

27. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and § 1400.  Each Defendant (other than TTE Technology, Inc.) is not resident in the United States, and thus venue is proper in any judicial district.  *See, e.g.*, *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant TTE Technology, Inc. is registered to do business in Texas and, upon information and belief, TCL has transacted business in this District, has committed acts of infringement in this District, and has regular and established places of business in this District, including at least because repair shops conduct the business of Defendant TTE Technology, Inc. by performing, processing, and/or handling warranty services for TCL branded products according to the TCL North America Limited Product Warranty.[1]  Defendant TTE Technology, Inc. has previously

---

[1] *See, e.g.*, https://www.tcl.com/us/en/warranty/mobile-warranty.

availed itself of courts in the Eastern District of Texas, including voluntarily submitting to jurisdiction and venue in this forum for purposes of patent litigation. *See, e.g.*, *American Patents LLC, v. TCL Corp. et al.*, No. 4:18-cv-00767, Dkt. 46 at 2 (E.D. Tex., Feb. 20, 2019).

### III.   BACKGROUND

28.   Cerence is a global leader in providing automotive virtual assistant technology, primarily focusing on user interaction (UX) technology that improves and refines a user's mobility experience by creating flexible and intuitive experiences for the world's leading mobility OEMs and automakers.

29.   Cerence was spun out from Nuance Communications, Inc. (Nuance), a leading provider of speech and language solutions for businesses and consumers around the world. Cerence became a separate public company in October of 2019, trading on the Nasdaq Global Select Market under the ticker symbol CRNC. From the outset, Cerence focused its assistant software platform on its many optimization techniques and tools for improving automatic speech recognition including conversational AI tools.

30.   Cerence builds AI powered virtual assistants that have been implemented most frequently in the mobility/transportation market. Cerence's solutions power natural conversational and intuitive interactions between vehicles, drivers, and passengers, and the broader digital world. Cerence has provided AI powered assistants and innovations for connected and autonomous vehicles, including one of the world's most popular software platforms for building automotive virtual assistants. Cerence customers include nearly all major automobile original equipment manufacturers, or OEMs, or their tier 1 suppliers worldwide, including, *e.g.*, Ford, GM, Toyota, Visteon, and Harman.

31.   The Cerence platform utilizes industry-leading speech recognition, natural language understanding, speech signal enhancement, text-to-speech, and acoustic modeling

technology to provide a conversational AI-based solution. Virtual assistants built with the Cerence platform enable a wide variety of modes of human-vehicle interaction, including speech, touch, handwriting, gaze tracking, and gesture recognition, and can support the integration of third-party virtual assistants.

32. The market for automotive cognitive assistants in which Cerence functions is rapidly expanding beyond the automotive markets. The proliferation of smartphones and smart speakers has encouraged consumers to rely on a growing number of virtual assistants and special-purpose bots for various tasks such as controlling entertainment systems and checking the news. This technology has pushed into home entertainment systems centered around smart televisions that allow a user to interact with increasing control over desired content, predictive content, voice controls for various applications, and volume control.

33. Cerence has been innovating in this space for over 20 years and currently holds more than 600 patents, many of which relate to aspects of automatic speech recognition, predictive text, and volume adjustment/support in speech activated systems.

## IV.    COUNT I
### (Infringement of U.S. Patent No. 7,840,579)

34. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

35. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,840,579, titled "Mobile Device Retrieval and Navigation." The 579 Patent was duly and legally issued by the United States Patent and Trademark Office on November 23, 2010. A true and correct copy of the 579 Patent is attached as Exhibit 1.

36.     TCL has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 579 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 579 Patent, including but not limited to the Accused Products, such as the exemplary TCL 50" QM5K Series QD-Mini LED 4K UHD Smart TV – 50QM5K and the TCL 55" F35 Class 4K UHD HDR LED Smart TV with Fire TV – 55F35, in violation of 35 U.S.C. § 271(a).

37.     Claim charts applying the independent asserted claims of the 579 Patent to exemplary infringing Accused Products are attached as Exhibit 2 and Exhibit 3.

38.     On information and belief, at least as of the filing date of this Complaint and with knowledge of the 579 Patent and its infringement thereof, TCL has indirectly infringed and continues to indirectly infringe the 579 Patent in violation of 35 U.S.C. § 371(b).  TCL has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 579 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[2]

---

[2] *See, e.g.*, https://support.tcl.com/us-googletv-setup-configuration/5-cool-things-you-can-do-with-your-tcl-google-tv (advertising use of voice assistant to, *e.g.*, "to turn on or off TV or change the volume or channel.  You can also use it to search for contents on your TV"); https://support.tcl.com/set-up-and-configuration/tcl-fire-tv-features-benefits ("Press and ask Alexa to easily find, launch, and control your content, check the weather, sports scores, control compatible smart home devices, and more."); https://www.tcl.com/us/en/products/home-theater/qm5k/50-class-4k-uhd-hdr-qd-mini-led-qled-smart-google-tv-50qm5k ("Use your voice to control your TV using the most popular voice assistants."); https://www.tcl.com/us/en/products/home-theater/s5-class/55-class-4k-uhd-hdr-led-smart-fire-tv-55f35 ("Fire TV Smart OS with Voice Remote" – "Fire TV Smart OS": "Fire TV brings your favorite movies, TV shows, and live programming.").

39. In addition, TCL has indirectly infringed and continues to indirectly infringe the 579 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 579 Patent. The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

40. On information and belief, TCL's infringement of the 579 Patent is and has been willful.

## V.    COUNT II
### (Infringement of U.S. Patent No. 7,894,598)

41. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,894,598, titled "System for Limiting Received Audio." The 598 Patent was duly and legally issued by the United States Patent and Trademark Office on February 22, 2011. A true and correct copy of the 598 Patent is attached as Exhibit 4.

43. TCL has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 598 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 598 Patent, including but not limited to the Accused Products, such as the exemplary TCL 50" QM5K Series QD-Mini LED 4K UHD Smart TV – 50QM5K and the TCL 55" F35 Class 4K UHD HDR LED Smart TV with Fire TV – 55F35, in violation of 35 U.S.C. § 271(a).

44. Claim charts applying the independent asserted claims of the 598 Patent to exemplary infringing Accused Products are attached as Exhibit 5 and Exhibit 6.

45. On information and belief, at least as of the filing date of this Complaint and with knowledge of the 598 Patent and its infringement thereof, TCL has indirectly infringed and continues to indirectly infringe the 598 Patent in violation of 35 U.S.C. § 371(b). TCL has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 598 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[3]

46. In addition, TCL has indirectly infringed and continues to indirectly infringe the 598 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 598 Patent. The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

47. On information and belief, TCL's infringement of the 598 Patent is and has been willful.

---

[3] *See, e.g.*, https://support.tcl.com/us-googletv-setup-configuration/5-cool-things-you-can-do-with-your-tcl-google-tv (advertising use of voice assistant to, *e.g.*, "to turn on or off TV or change the volume or channel. You can also use it to search for contents on your TV"); https://support.tcl.com/set-up-and-configuration/tcl-fire-tv-features-benefits ("Press and ask Alexa to easily find, launch, and control your content, check the weather, sports scores, control compatible smart home devices, and more."); https://www.tcl.com/us/en/products/home-theater/qm5k/50-class-4k-uhd-hdr-qd-mini-led-qled-smart-google-tv-50qm5k ("Use your voice to control your TV using the most popular voice assistants."); https://www.tcl.com/us/en/products/home-theater/s5-class/55-class-4k-uhd-hdr-led-smart-fire-tv-55f35 ("Fire TV Smart OS with Voice Remote" – "Fire TV Smart OS": "Fire TV brings your favorite movies, TV shows, and live programming.").

## VI.    COUNT III
### (Infringement of U.S. Patent No. 8,819,810)

48.     Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

49.     Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,819,810, titled "System for Processing Microphone Signals to Provide an Output Signal with Reduced Interference."  The 810 Patent was duly and legally issued by the United States Patent and Trademark Office on May 29, 2012.  A true and correct copy of the 810 Patent is attached as Exhibit 7.

50.     TCL has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 810 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 810 Patent, including but not limited to the Accused Products, such as the exemplary TCL 50" QM5K Series QD-Mini LED 4K UHD Smart TV – 50QM5K and the TCL 55" F35 Class 4K UHD HDR LED Smart TV with Fire TV – 55F35, in violation of 35 U.S.C. § 271(a).

51.     Claim charts applying the independent asserted claims of the 810 Patent to exemplary infringing Accused Products are attached as Exhibit 8 and Exhibit 9.

52.     On information and belief, at least as of the filing date of this Complaint and with knowledge of the 810 Patent and its infringement thereof, TCL has indirectly infringed and continues to indirectly infringe the 810 Patent in violation of 35 U.S.C. § 371(b).  TCL has actively induced product makers, distributors, partners, agents, affiliates, service providers,

importers, resellers, customers, retailers, and/or end users to directly infringe the 810 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[4]

53.     In addition, TCL has indirectly infringed and continues to indirectly infringe the 810 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 810 Patent.  The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

54.     On information and belief, TCL's infringement of the 810 Patent is and has been willful.

## VII.   COUNT IV
### (Infringement of U.S. Patent No. 9,171,541)

55.     Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,171,541, titled "System and Method for Hybrid Processing in a Natural Language Voice Services Environment."  The 541 Patent was duly and legally issued by the United States Patent and

---

[4] *See, e.g.*, https://support.tcl.com/us-googletv-setup-configuration/5-cool-things-you-can-do-with-your-tcl-google-tv (advertising use of voice assistant to, *e.g.*, "to turn on or off TV or change the volume or channel.  You can also use it to search for contents on your TV"); https://support.tcl.com/set-up-and-configuration/tcl-fire-tv-features-benefits ("Press and ask Alexa to easily find, launch, and control your content, check the weather, sports scores, control compatible smart home devices, and more."); https://www.tcl.com/us/en/products/home-theater/qm5k/50-class-4k-uhd-hdr-qd-mini-led-qled-smart-google-tv-50qm5k ("Use your voice to control your TV using the most popular voice assistants."); https://www.tcl.com/us/en/products/home-theater/s5-class/55-class-4k-uhd-hdr-led-smart-fire-tv-55f35 ("Fire TV Smart OS with Voice Remote" – "Fire TV Smart OS": "Fire TV brings your favorite movies, TV shows, and live programming.").

Trademark Office on October 27, 2015. A true and correct copy of the 541 Patent is attached as Exhibit 10.

57. TCL has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 541 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 541 Patent, including but not limited to the Accused Products, such as the exemplary TCL 50" QM5K Series QD-Mini LED 4K UHD Smart TV – 50QM5K and the TCL 55" F35 Class 4K UHD HDR LED Smart TV with Fire TV – 55F35, in violation of 35 U.S.C. § 271(a).

58. Claim charts applying the independent asserted claims of the 541 Patent to exemplary infringing Accused Products are attached as Exhibit 11 and Exhibit 12.

59. On information and belief, at least as of the filing date of this Complaint and with knowledge of the 541 Patent and its infringement thereof, TCL has indirectly infringed and continues to indirectly infringe the 541 Patent in violation of 35 U.S.C. § 371(b). TCL has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 541 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[5]

---

[5] *See, e.g.*, https://support.tcl.com/us-googletv-setup-configuration/5-cool-things-you-can-do-with-your-tcl-google-tv (advertising use of voice assistant to, *e.g.*, "to turn on or off TV or change the volume or channel. You can also use it to search for contents on your TV"); https://support.tcl.com/set-up-and-configuration/tcl-fire-tv-features-benefits ("Press and ask Alexa to easily find, launch, and control your content, check the weather, sports scores, control compatible smart home devices, and more."); https://www.tcl.com/us/en/products/home-

60. In addition, TCL has indirectly infringed and continues to indirectly infringe the 541 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 541 Patent. The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

61. On information and belief, TCL's infringement of the 541 Patent is and has been willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Cerence respectfully requests that the Court:

A. Enter a judgment that TCL has infringed and continues to infringe one or more claims of each of the Asserted Patents;

B. Enter a judgment that Defendants' infringement is and has been willful;

C. Permanently enjoin Defendants, their parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Asserted Patents;

D. Order an award of damages to Cerence in an amount no less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

E. Order and award trebling damages to Cerence for willful infringement under 35 U.S.C. § 284;

---

theater/qm5k/50-class-4k-uhd-hdr-qd-mini-led-qled-smart-google-tv-50qm5k ("Use your voice to control your TV using the most popular voice assistants.");
https://www.tcl.com/us/en/products/home-theater/s5-class/55-class-4k-uhd-hdr-led-smart-fire-tv-55f35 ("Fire TV Smart OS with Voice Remote" – "Fire TV Smart OS": "Fire TV brings your favorite movies, TV shows, and live programming.").

  F.  Find that this case is exceptional and award Cerence its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285; and

  G.  Grant such other and further relief as the Court may deem proper and just.

## VIII. DEMAND FOR JURY TRIAL

62. Plaintiff hereby demands a jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Date:  August 1, 2025 | Respectfully submitted,<br><br> /s/ Charles S. Baker<br>Charles S. Baker<br>Texas State Bar No. 01566200<br>TROUTMAN PEPPER LOCKE LLP<br>600 Travis Street, Suite 2800<br>Houston, TX 77002<br>Tel:  713.226.1200<br>Fax:  214.223.3717<br>Emails:  charles.baker@troutman.com<br><br>William Belanger*<br>Lead Attorney<br>Alison McCarthy*<br>TROUTMAN PEPPER LOCKE LLP<br>111 Huntington Avenue<br>Boston, Massachusetts 02129<br>Tel:  617.239.0100<br>Fax:  617.227.4420<br>Emails:  william.belanger@troutman.com<br>            alison.mccarthy@troutman.com<br><br>Puja Patel Lea*<br>TROUTMAN PEPPER LOCKE LLP<br>401 9th Street, N. W., Suite 1000<br>Washington, D.C. 20004<br>Tel:  202.274.2950<br>Fax:  202.274.2994<br>Email:    puja.lea@troutman.com<br><br>Ryan C. Deck*<br>TROUTMAN PEPPER LOCKE LLP<br>104 Carnegie Center, Suite 203<br>Princeton, New Jersey 08540<br>Tel:  609.452.0808<br>Fax:  609.452.1147<br>Email:    ryan.deck@troutman.com<br><br>Haden Marrs*<br>TROUTMAN PEPPER LOCKE LLP<br>600 Peachtree Street, NE, Suite 3000<br>Atlanta, GA 30308<br>Tel:  404.885.3865<br>Fax:  404.885.3995<br>Email:    haden.marrs@troutman.com<br><br>*Pro Hac Vice to be filed*<br><br>**Counsel for Plaintiff**<br>**Cerence Operating Company** |

-20-